UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHERINE SIMMONS,

    Plaintiff,

v.

    Case No. 10-13681

    Honorable Patrick J. Duggan

DARRIN GRANDISON and WILLIAM
DAWSON, individually and in their
capacities as Michigan State Police Officers,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 26, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Catherine Simmons ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Michigan State Police Detective Specialists Darrin Grandison and William Dawson (collectively, "Defendants") violated her constitutional rights during an investigation of suspected money laundering. Before the Court is Defendants' renewed motion for summary judgment, filed on July 18, 2011 pursuant to Federal Rule of Civil Procedure 56. On September 16, 2011, the Court notified the parties that it was dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated below, the Court grants Defendants' motion.

## I. Procedural Background

On March 8, 2011, Defendants moved for summary judgment in this case, arguing that Plaintiff had failed to establish a genuine issue of material fact. The Court held a hearing on the matter, and among other arguments, Defendants asserted that a recent decision in a state court lawsuit between Plaintiff and Grandison precluded Plaintiff's attempt to relitigate certain issues before this Court. The state court's order had granted Defendant Grandison's motion for summary disposition for reasons stated at a hearing held on May 13, 2011. *See* Defs.' Mot. Ex. C. Defendants sought to supplement the record once the hearing transcript became available. The Court took Defendants' motion under advisement.

On June 20, 2011, the Court issued an Opinion and Order granting summary judgment for Defendants on Plaintiff's claims that Grandison had illegally detained her (Count I) and that Dawson had improperly retained her money and gambling tickets (Count III). The Court denied Defendants' motion with respect to Plaintiff's claim that Grandison had improperly seized her money and gambling tickets (Count II), holding that the Fourth Amendment permitted such a seizure only if it was supported by probable cause. The Court concluded that Defendants had failed to establish probable cause. As for Defendants' request to supplement the record with the state-court hearing transcript, the Court noted that state-court judgments are entitled to the same preclusive effect in federal court as the judgment would have in the courts of that state. 6/20/11 Op. & Order 15 (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85, 104 S. Ct. 892, 898 (1984)). The Court therefore indicated that the parties could introduce the state-court

hearing transcript in support of a renewed request for summary judgment. Defendants filed their renewed motion for summary judgment on July 18, 2011.

## II. Discussion

Defendants argue that the state court found probable cause for Grandison to believe that a crime was being committed. Defendants therefore assert that Grandison's seizure of Plaintiff's money and gambling tickets was justified under the Fourth Amendment. They point to the following exchange between Circuit Judge Jeanne Stempien and Plaintiff's counsel:

> Mr. Cobb: If I can get a clarification?
>
> The Court: Yes.
>
> Mr. Cobb: You said that he was justified in investigating and what we're saying is that he didn't investigate, he just went and arrested her. He had a suspicion which is not enough to establish probable cause in this case. They virtually admit that when they say you have to do this collective thing, which there's no law or no case that says that.
>
> The Court: The officer has the right to - I mean, maybe I misunderstood what he was talking about, collective knowledge. When the officer acts on information supplied to him, regardless whether it's from another officer or from someone, you know, at least as long as it's not a first time anonymous tip, okay, or informant, but when an officer acts upon knowledge that is supplied to him, that can establish probable cause. And in this instance I believe it's established probable cause for him to act. He's given knowledge and then he comes in and arrests her.
>
> Mr. Cobb: Nobody -
>
> The Court: But he also observed for a while. You know, we cannot overlook the fact that he personally made observations before he arrested her.

Summary Disposition Hr'g Tr. 15-16, May 13, 2011.

State-court judgments are entitled to the same preclusive effect in federal court as the

judgment would have in the courts of that state.  *Migra*, 465 U.S. at 85, 104 S. Ct. at 898.  This ensures that full faith and credit is given to state-court judgments, and "reflects a variety of concerns, including notions of comity, the need to prevent vexatious litigation, and a desire to conserve judicial resources."  *Id.* at 84, 104 S. Ct. at 898.

> Under Michigan law, issue preclusion applies when 1) there is identity of parties across the proceedings, 2) there was a valid, final judgment in the first proceeding, 3) the same issue was actually litigated and necessarily determined in the first proceeding, and 4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001) (citing *People v. Gates*, 434 Mich. 146, 154-57, 452 N.W.2d 627, 630-31 (Mich. 1990)).

The Court concludes that the doctrine of issue preclusion bars Plaintiff's attempt to relitigate the state court's probable cause determination.  The identity of the parties is satisfied, as Plaintiff and Grandison were the parties to the state-court suit.  The state court rendered a final judgment, evidenced by its order dismissing Plaintiff's complaint.  *See* Defs.' Mot. Ex. C.  The hearing transcript demonstrates that the parties actually litigated the issue of probable cause, and this finding was necessary to Judge Stempien's ruling that Grandison was entitled to governmental immunity.  Plaintiff enjoyed a full and fair opportunity to litigate this issue in state court, and Grandison prevailed.  The state court found that Grandison had probable cause to believe that a crime was being committed, and this Court must respect that ruling.

In the context of seizure of property from one's person, "probable cause means a reasonable ground for belief that the item seized is contraband or evidence of a crime." *United States v. Baro*, 15 F.3d 563, 567 (6th Cir. 1994) (citing *United States v. Sokolow*,

4

490 U.S. 1, 7, 109 S. Ct. 1581, 1585 (1989); *United States v. Place*, 462 U.S. 696, 103 S. Ct. 2637, 2641 (1983)).  Because Grandison had probable cause to believe that Plaintiff had committed or was committing the crime of money laundering, he was permitted to seize the evidence of that crime, Plaintiff's money and gambling tickets.  Defendants must therefore be granted summary judgment with respect to Plaintiff's claim that the seizure of money and tickets violated her Fourth Amendment rights.

Accordingly,

**IT IS ORDERED** that Defendants' renewed motion for summary judgment is **GRANTED**.  The Court grants summary judgment for Defendants on Count II, "Illegal Search and Seizure of Plaintiff's Property."

                                                                   s/PATRICK J. DUGGAN
                                                                   UNITED STATES DISTRICT JUDGE

Copies to:

James C. Cobb, Jr., Esq.
Joseph T. Froehlich, A.A.G.